HORINE
vs.
MOORE.

</div>

---

## Horine *vs* Moore.

### ERROR TO MERCER CIRCUIT.

1. In a proceeding by petition in equity one defendant cannot have a decree against a co-defendant unless upon prayer for relief and service of process.
2. But the defendant by *section 143 and* 158, *Code Practice,* may have a decree against the plaintiff, upon an answer made cross petition, upon showing a right to relief, which cross petition may be answered by plaintiff, as in an original suit.

Chief JUSTICE HISE delivered the opinion of the court.

The legal question presented for decision in this case is this : If one defendant in an action, by equitable proceedings in his answer to the plaintiff's petition, states a cause of action or a ground of recovery for money or property, and demands a judgment against a co-defendant, both being served upon the original

<div style="text-align:right">

PET. EQ.

Case 25.

January 12.

Case stated.

1. In a proceeding by petition in equity, one defendant cannot have a decree against a co-defendant unless upon

</div>

HORINE
vs.
MOORE.

prayer for relief
and service of
process.

petition of the plaintiff, is the one defendant entitled to a judgment or decree against the other, without process and service upon the co-defendant? Held, that in such case no judgment can be rendered or relief granted against a co-defendant, unless after summons issued and duly served.

2. But the defendant, by sec. 143 and 158, Code Practice, may have a decree against the plaintiff, upon an answer made cross petition, upon showing a right to relief, which cross petition may be answered by plaintiff, as in an original suit.

Those provisions of the Code of Practice found in sections 143 and 158, have reference only to the pleadings as between a single plaintiff and defendant, and limits them to the petition and answer alone, except where the answer presents a counter-claim or set-off; but where one defendant seeks a recovery or relief against a co-defendant, in such case the parties may plead as in an independent suit. The answer of the one should assume the character of a cross-petition against the other, to which the other may answer and the former reply, if required or justified by the response. The well established rule of chancery practice, applicable to such state of case, has not been changed by the code; hence, in this case, upon the cross-demand stated in the answer of Montfort against Horine, as no summons upon the answer was issued or served, the latter was not before the court upon that answer.

Wherefore, the judgment is reversed, and cause remanded for further proceedings; and as a mistake has been committed also in the judgment to the plaintiff's prejudice, in directing the payment of only $200 instead of $250, to him, this mistake can be corrected in any future judgment which may be given in the case.

BALLINGER for plaintiff; THOMPSON for defendant.

Heironimus *vs.* Harris.

### ERROR TO MERCER CIRCUIT.

Two individuals buy two watches of the same man on a credit, and it is agreed, in writing, between them, the vendor assenting, that if Scott is chosen president at the ensuing election one pays for both watches, and if Scott is not chosen the other pays. Held, that the note is valid in the hands of the vendor or his assignee, and enforcible.

Chief Justice HISE delivered the opinion of the court.                January 12.

The only question worthy of notice presented in this record, is whether an action can be maintained, and a recovery had, by the obligee or his assignee upon the following contract:

"We, the undersigned, have each purchased of J. W. W. Smith a gold watch, for the sum of fifty-five dollars for each watch, both amounting to $110, and agree to pay for the same when the election of president is decided, upon the following conditions, viz: If Gen. Winfield Scott is elected James M. Alexander pays the amount, and D. C. Heironimus takes both watches, and if Gen. F. Pierce is elected D. C. Heironimus pays for the watches, and James M. Alexander takes them.

"August 9, 1852.   Signed by
>          JAMES M. ALEXANDER,
>          D. C. HEIRONIMUS."

Held, that although, as between Alexander and Heironimus, this contract is based upon an illegal consideration, and therefore contrary to the policy of the law, and void, yet, as between the said obligors and Smith, or his assignee, it is valid and binding. Because Smith is the mere vendor of the two watches to the obligees, agreeing to look to the one or the other, severally, for payment for both after the election of either Gen. Scott or Gen. Pierce, as president, as the one or the other of the candidates should be chosen. Smith's right to demand the money for the watches, by the terms of the contract, did not depend

HEIRONIMUS
vs.
HARRIS.

note is valid in the hands of the vendor or his assignee, and enforcible.

upon the election of the one or the other of the presidential candidates. After the election should terminate he had a right to demand and recover the price of the two watches from Alexander if the election resulted in favor of Gen. Scott, and of Heironimus if it terminated in favor of Pierce. Smith's assignee avers, in his petition, that the election did terminate in favor of Pierce, and demands a judgment against Heironimus, and his right to a recovery cannot be defeated by the defendant upon the ground that either before, at the time, or after the purchase was made, he and Alexander, whether with or without the *knowledge merely* of Smith, agreed to risk the watches in a bet upon the result of the presidential election: in other words, the consideration which vitiates the contract between the obligors cannot effect Smith's right \a of recovery, for his demand as against them is founded upon a consideration totally different, to-wit: The sale and delivery of the watches to them, and he can in no wise be held to have forfeited his right to payment, because of the unlawful purpose and *design*, if such it was, of the obligees, to hazzard the watches, as between themselves, upon the result of the presidential election.

BALLINGER & SON for plaintiff; HARDIN and THOMPSON for defendant.